IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| S.L.W. | : | CIVIL ACTION |
| *By and through her mother and guardian,* | : | |
| *Sherri Longacre Craig* | : | No. 25-6977 |
| | : | |
| v. | : | |
| | : | |
| RESOURCES FOR HUMAN | : | |
| DEVELOPMENT, et al. | : | |

**<u>MEMORANDUM</u>**

**Judge Juan R. Sánchez**                                                                 **March 25, 2026**

Plaintiff S.L.W. brings this negligence action arising from an April 10, 2024 incident in which she was severely injured while living in Defendant Resources for Human Development's ("RHD") assisted living facility.  S.L.W. originally filed suit in the Philadelphia County Court of Common Pleas, but RHD removed the matter to this Court.  RHD subsequently moved to transfer this case to the United States District Court for the District of Delaware based on *forum non conveniens*.  Because a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice" under 28 U.S.C. § 1404(a), the Court will order the case transferred to the District of Delaware.

**BACKGROUND**

In April 2024, S.L.W., an adult with special needs, was residing at RHD's facility located in Bear, Delaware.   Compl. ¶ 9, Dkt. No. 1-4.  The facility provides both housing services and other health-based needs services to special needs adults and children.  *Id.* ¶ 10.  On the night of April 10, 2024, Plaintiff allegedly ran from her room into the kitchen and proceeded to grab a pot of boiling water which she threw on herself and others in the facility, causing her to sustain severe second- and third-degree burns to several parts of her body.  *Id.*  ¶¶ 9, 18(e).

After the incident, RHD staff transported S.L.W. to the emergency room at Middletown Hospital in Middletown, Delaware for immediate treatment. *Id.* ¶ 19. Then S.L.W. was flown to the Christiana Care Newark campus in Newark, Delaware for a trauma evaluation. *Id.* She was later airlifted from Delaware to Crozer-Chester Medical Center in Pennsylvania where she received additional treatment for nearly one month. *Id.*

S.L.W. filed a complaint in the Philadelphia County Court of Common Pleas on November 12, 2025. She alleges RHD was negligent, careless, and reckless in allowing her to injure herself. *Id.* ¶ 18. RHD filed an answer on December 11, 2025. The same day, RHD removed the case to this Court on diversity grounds.[1] Notice of Removal, Dkt. No. 1. RHD then moved to transfer this matter to the District of Delaware. Mot. to Transfer Venue, Dkt. No. 8.

**LEGAL STANDARDS**

A district court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice" to a district where the case might have been brought. 28 U.S.C. § 1404(a); *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system . . . ."). The moving party bears the burden to show transfer is warranted. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

In determining whether transfer is warranted under § 1404(a), courts consider "the three [factors] enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors." *In re*

---

[1] Because S.L.W. is a Delaware resident, RHD is both incorporated and headquartered in Pennsylvania, and the amount in controversy exceeds $75,000, this Court (and any other federal district court) has diversity jurisdiction over this case under 28 U.S.C. § 1332. Notice of Removal 2.

*McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (citing *Atlantic Marine Constr. Co.*, 571 U.S. at 62 n.6).  The Third Circuit in *Jumara* identified the following relevant private factors:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

*Jumara*, 55 F.3d at 879 (internal citations omitted).[2]  The relevant public interest factors include:

> the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80.[3]  "Courts consider these factors to determine, on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum.'"  *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d at 57 (quoting *Jumara*, 55 F.3d at 879).[4]

---

[2]     The Supreme Court has described the private factors slightly differently to include "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Atl. Marine Constr. Co.*, 571 U.S. at 62 n.6 (internal quotation marks and citations omitted)); *see also In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d at 57 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 62 n.6).

[3]     The Supreme Court has stated the public-interest factors may include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law."  *Atl. Marine Constr. Co.*, 571 U.S. at 62 n.6 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

[4]     To the extent RHD argues the balancing test outlined in *Jumara* is not applicable, it is wrong. *See In re: Howmedica Osteonics Corp*, 867 F.3d 390, 401-02 (3d Cir. 2017) ("[W]e have

**DISCUSSION**

RHD argues this matter should be transferred to the District of Delaware on the grounds of *forum non conveniens*. The Court agrees. Upon consideration of the private and public interest factors, this matter would more conveniently proceed in, and the interests of justice would be better served by a transfer to, the District of Delaware under § 1404(a).

The majority of the private factors favor RHD's position. The Plaintiff's forum preference is the Eastern District of Pennsylvania, while RHD's preference is the District of Delaware.[5] Although the Court generally affords significant weight to a plaintiff's forum choice, that weight is reduced in two scenarios: (1) when the operative facts occurred outside the forum and (2) when the plaintiff does not reside there. *Piper Aircraft Co.*, 454 U.S. at 241; *see, e.g.*, *Seidman v.*

_____

prescribed an 'enumeration of factors to be balanced' in each case" (citing *Jumara*, 55 F.3d at 879-80.)).

[5]    Plaintiff argues RHD's forum preference is for the Eastern District of Pennsylvania because it removed the matter from the Court of Common Pleas to this court. Pl.'s Resp. to Def.'s Mot. to Transfer, Dkt. No. 11 at 24. This argument is not compelling. Before removal, this action was pending in the Philadelphia County Court of Common Pleas. Notice of Removal 1. Thus, under the removal statute, RHD could only have removed the case to this district before seeking a transfer. 28 U.S.C. § 1441 (providing a case may be removed to "the district court of the United States for the district and division *embracing the place where such action is pending*." (emphasis added)); *see also* 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ."); *Schwing v. BGHA, Inc.*, No. 10-CV-124, 2010 WL 2407951, at *1 (M.D. Pa. June 11, 2010) ("Defendants could have properly removed the case to the Eastern District of Pennsylvania. However, Defendants instead filed the suit in the Middle District of Pennsylvania, which does not 'embrac[e]' Philadelphia County, and where removal was therefore improper." (citing 28 U.S.C. § 1441)).
       If RHD attempted to remove directly to the District of Delaware, then the Delaware court would have likely transferred the matter to this Court. *See id.* at *2 ("By transferring the case to the Eastern District of Pennsylvania, the federal court will be able to determine whether the case has been timely removed. If Defendants prevail on that issue, the federal court of the Eastern District of Pennsylvania can then determine whether the matter should be transferred back to this Court for further proceedings." (internal quotations omitted)).

4

*Hamilton Beach Brands, Inc.*, 787 F. Supp. 3d 25, 35-36 (E.D. Pa. 2025).  Both scenarios apply to this case.

Plaintiff S.L.W. is a resident of Delaware, not Pennsylvania.  The facts of this case concern a plaintiff who resides in Delaware, suffered an injury in Delaware due to the alleged negligence of Delaware-based employees, and received initial medical treatment in Delaware.  No substantial part of the events giving rise to the claims occurred in the Eastern District of Pennsylvania.  S.L.W. notes she did receive subsequent treatment at Crozer-Chester Medical Center in this district.  Pl.'s Resp. to Def.'s Mot. to Transfer, Dkt. No. 11 at 22.  Her subsequent treatment, however, is only a minor component of her negligence claim against RHD.   Courts within the Third Circuit do not place significant weight on where a plaintiff's subsequent treatment took place.  *See Passero v. Killington, Ltd.*, No. 92-5304, 1993 WL 8722, at *3 (E.D. Pa. Jan. 12, 1993); *Colantonio v. Hilton Int'l Co.*, No. 03-1833, 2004 WL 1810291, at *6 (E.D. Pa. Aug. 13, 2004); *Foster v. Marriott Resort Hosp. Corp.*, No. 17-12901, 2018 WL 3360763, at *2-3 (D.N.J. July 10, 2018) (finding the District of New Jersey "routinely transferred similar cases" because "subsequent medical treatment in New Jersey for injuries that occurred in other venues is not dispositive when the injury underlying the claim occurred in another state").  So, S.L.W.'s forum choice is not entitled to significant deference from this Court.

Relatedly, because the most salient facts related to this case occurred in Delaware, the factor of whether the claim arose elsewhere strongly leans in RHD's favor.  "[T]he convenience of the parties as indicated by their relative physical and financial condition" factor does not lean in either party's favor.  *Jumara*, 55 F.3d at 879.  RHD is headquartered in Philadelphia, Pennsylvania so it would not be significantly impacted if it were required to litigate before this Court.  Additionally, it would not be significantly impacted by litigating in Delaware given its

proximity to the state and its financial resources.  The same is true for S.L.W. since she resides in Delaware.

Meanwhile, factors regarding the convenience of the witnesses and the location of books and records lean towards transfer.   Many of the witnesses who are relevant to this case are located in Delaware and Maryland.   Mot. to Transfer Venue 12-13.   Reports and investigative documentation of the incident are located in Delaware.  *Id.* at 12.  S.L.W. did receive treatment at Crozer-Chester Medical Center, and she will presumably seek witnesses and evidence from that facility.  But Crozer-Chester has since closed.  Jan Carabeo et al., *Crozer-Chester Medical Center Closes, Marking End of Delaware County's Largest Hospital System*, CBS News (May 2, 2025, 4:26 PM), https://perma.cc/DV5H-GMG8.[6]  It is thus unclear whether any physical evidence or witnesses from Crozer-Chester are still located in the Eastern District of Pennsylvania.   On balance, these factors lean towards transfer.[7]

Turning to the public interest factors, one of the factors is the "practical considerations that could make the trial easy, expeditious, or inexpensive."  *See Jumara*, 55 F.3d at 879.  For the reasons outlined above, the trial would be easier, more expeditious, and less expensive if it were

---

[6]   The Court takes judicial notice of this fact.  Fed. R. Evid. 201; *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

[7]   Under *Jumara*, these factors only matter to "the extent that the files [or witnesses] could not be produced in the alternative forum."  55 F.3d at 879.  Applying this formulation, these factors would not lean in favor of transfer because the files and witnesses are likely producible in both this district and in the District of Delaware.  But it is not clear *Jumara* is still good law on this point.  Notably, Supreme Court and more recent Third Circuit case law does not include *Jumara*'s limiting language on these factors.  *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d at 57 (citing *Atl. Marine Constr. Co.*, 571 U.S. at 62 n.6); *In re: Howmedica Osteonics Corp*, 867 F.3d at 402 (listing "the convenience of the witnesses" and "the location of books and records" private factors without limitation (citing *Jumara*, 55 F.3d at 879)).  However, even if these two factors are inapplicable under the stricter *Jumara* formulation, they are relevant to the public interest factors.

to occur in Delaware. Delaware also has a stronger "local interest in deciding local controversies at home" because this case involves an alleged incident of negligence that occurred in a Delaware facility involving Delaware citizens. *Id.* The rest of the public interest factors, including the enforceability of the judgment, administrative difficulties flowing from court congestion, the public policies of the fora, and the interest in having the trial of a diversity case in a forum that is at home with the law, are not significantly implicated in this case either way.

After balancing all of these private and public factors, the Court finds this action would "more conveniently proceed and the interests of justice be better served by transfer to" the District of Delaware. 28 U.S.C. § 1404(a). RHD has therefore met its burden to show that transfer is appropriate under § 1404(a). Accordingly, RHD's motion will be granted.

## CONCLUSION

The Court will grant Defendant RHD's motion to transfer this action to the District of Delaware on the grounds of *forum non conveniens* pursuant to § 1404(a).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

7